Filed 7/24/13  P. v. Hanoum CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | A136840 |
| v. | (Sonoma County Super. Ct. No. SCR616432) |
| NATHAN DANIEL HANOUM, | |
| Defendant and Appellant. | |

_____/

While appellant Nathan Daniel Hanoum was on parole, the prosecution charged him with committing assault with force likely to commit great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and with inflicting corporal injury on Jane Doe (§ 273.5, subd. (a)) in case No. SCR616432.

Appellant pleaded no contest to inflicting corporal injury (§ 273.5, subd. (a)) on the condition he serve 180 days in county jail and that probation terminate at the conclusion of his sentence.  At the plea hearing, the court advised appellant his 180-day sentence would be completed on July 7, 2012, and probation would terminate that same day.  The court set a hearing for July 6, 2012, to award appellant credit for time served;

_____

[1]    Unless otherwise noted, all further statutory references are to the Penal Code.

1

formal sentencing would occur on July 13, 2012, to enable the probation department to prepare a probation report before sentencing.

On July 6, 2012 — and pursuant to the previous court order — the court ordered appellant released from custody on July 7, 2012, and ordered him to return on July 13, 2012, for sentencing. The parties agreed appellant's sentence would be completed on July 7, 2012, before a probation report could be completed; the prosecutor informed the court that "[b]ecause of the domestic violence, we need the probation report, and he was to be back then [July 13, 2012] for the sentencing. And it leaves him about a week, with a *Cruz*[2] waiver, to make sure that nothing happens in between. Because if he has any new incidents happen, then all deals are off, and he could be sentenced to State Prison." Appellant said he understood and agreed. On the day he was released, appellant's parole hold ended.

After he was released from custody, appellant was charged with, among other things, misdemeanor battery on Doe (§ 243, subd. (e)(1)) in case No. SCR620077 and was to be arraigned on July 13, 2012. On July 13, 2012, appellant failed to appear for arraignment in case No. SCR620077 and sentencing on case No. SCR616432. The court issued a bench warrant and appellant was arrested on August 2, 2012. Parole placed a new hold on appellant and he received a 35-day parole violation. At an August 16, 2012 hearing, the parties advised the court the prosecution was willing to dismiss case No. SCR620077 with a *Harvey*[3] waiver and have it "sent back to the probation officer for a full report. Based on the *Cruz* violation, it will be an open plea." The court ordered the probation department to prepare a report.

On October 15, 2012, the court sentenced appellant to four years in state prison for the violation of section 273.5, subdivision (a). The court awarded appellant 34 days of credits: 17 actual credits and 17 conduct credits. When the court calculated the credits, the following exchange occurred:

"THE COURT: Okay. Are the credits 74 actual, 74 conduct?

---

2       *People v. Cruz* (1988) 44 Cal.3d 1247, 1254.
3       *People v. Harvey* (1979) 25 Cal.3d 754, 758.

2

"PROBATION OFFICER: I have 17 plus 17.

"THE COURT: I was looking at the file, and it says that he was arrested on 8/2/2012. [¶] Was that on a parole hold?

"PROBATION OFFICER: That was on the parole hold. Should the Court run –

"THE COURT: So it's 17 for this case then?

"PROBATION OFFICER: Yes.

"THE COURT: 17 starting – when are you coming in? Well, 17 days ago, that would be from – so the parole hold was up the end of September?

"[PROSECUTOR]: Yes. When he was released from custody, Your Honor, that was the day his parole hold had ended.

"THE COURT: But then when he absconded and failed to appear for sentencing, did he get another parole violation?

"PROBATION OFFICER: He did. He got 35 days.

"THE COURT: Okay. . . ."

Appellant timely appealed. Then he filed an ex parte motion pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, 958 requesting the court correct his presentence credits. He argued he was entitled to 115 days of credit, not 34. He explained he spent 75 days in county jail between his arrest on August 2, 2012, and sentencing on October 15, 2012, and that with conduct credits, the total credit earned was 150. From 150, appellant subtracted 35 days (for the 35-day parole violation), entitling him to 115 days of credit.

In a May 20, 2013 amended ruling, the court denied appellant's *Fares* motion. It explained appellant was "not entitled to a total of 115 days of presentence credit, as that would result in an improper award of dual credits." The court, however, awarded appellant 76 days of credit, comprised of 38 actual credits and 38 conduct credits.[4] The amended ruling attached the probation department's credits calculation, which noted that

---

[4]    We augment the record to include the court's May 10, 2013 initial ruling and May 20, 2013 amended ruling on appellant's *Fares* motion. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

appellant was not entitled to dual credits pursuant to section 2900.5, subdivision (b), which provides, "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

## DISCUSSION

We appointed counsel to represent appellant on appeal. Counsel asked this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel listed two possible, but not arguable, issues: (1) "Did the trial court err in limiting the number of credits which appellant received?" and (2) "Was appellant entitled to the credits originally awarded to him which fulfilled his sentence on July 7, 2013, the date of his release and the date upon which his probation was supposed to terminate, or did his failure to appear for formal sentencing on July 13, 2012, in accordance with his *Cruz* waiver eliminate his right to claim those credits even though the parties had agreed service of those days would fulfill his sentence and end his probation?"

Counsel informed appellant he had the right to file a supplemental brief on his own behalf, but appellant declined to do so.

We have examined the record pursuant to *Wende* and considered the possible issues referred to by appointed counsel. We find no reasonably arguable appellate issue. Appellate counsel has competently represented appellant.

4

The judgment is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.